[black redacted bar]

THE STATE OF OHIO, APPELLEE, *v.* MCGEE, APPELLANT.

[Cite as *State v. McGee* (1997), 79 Ohio St.3d 193.]

[black redacted bars]

194

(Nos. 96–210 and 96–387—Submitted March 4, 1997—Decided July 16, 1997.)

*Gerald L. Heaton,* Logan County Prosecuting Attorney, and *Mark A. Losey,* Assistant Prosecuting Attorney, for appellee.

*Marc S. Triplett,* for appellant.

---

PFEIFER, J.  In this case, we are asked to determine whether recklessness is an essential element of the crime of endangering children pursuant to R.C. 2919.22(A).  We conclude that it is.  Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

R.C. 2919.22(A) states that "[n]o person, who is the parent * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."

No degree of culpability is specified on the face of R.C. 2919.22(A).  R.C. 2901.21(B) states that "[w]hen the section [defining an offense] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

This court has previously held that the "[e]xistence of the culpable mental state of recklessness is an essential element of the crime of endangering children." *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144, paragraph one of the syllabus (construing R.C. 2919.22[B][2] );  *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, paragraph one of the syllabus (construing R.C. 2919.22[B][3] ).  In each case, the relevant statute did not specify the required degree of culpability or plainly indicate that the General Assembly intended to impose strict liability.  The language of R.C. 2901.21(B) was dispositive, and the required degree of culpability was held to be recklessness.  See *Adams,* 62 Ohio St.2d at 152–153, 16 O.O.3d at 170, 404 N.E.2d at 145–146;  *O'Brien,* 30 Ohio St.3d at 124, 30 OBR at 437, 508 N.E.2d at 146.

While *Adams* and *O'Brien* involved R.C. 2919.22(B)(2) and 2919.22(B)(3), respectively, and this case involves R.C. 2919.22(A), we find no reason to depart from their logic.  R.C. 2919.22(A) neither specifies a degree of required culpability nor plainly indicates that the General Assembly intended to impose strict liability.  Accordingly, we hold that the existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375; *State v. Wilson* (1996), 74 Ohio St.3d 381, 393,

659 N.E.2d 292, 306; *State v. Jenks* (1991), 61 Ohio St.3d 259, 263, 574 N.E.2d 492, 496. Recklessness is an essential element of the crime charged, and the defendant was not found to have acted recklessly. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part.

DOUGLAS, J., dissents.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. I concur in the syllabus and the majority's determination that recklessness is the correct standard of proof in a child-endangering case. However, I disagree with the majority's statement that "the defendant was not found to have acted recklessly." The evidence in this case supports not only a negligence standard, but also a reckless standard.

"Reckless" is defined in R.C. 2901.22(C):

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The appellant was well aware that her son was capable of removing the grate and that he had placed items in the heating duct. In spite of this knowledge, she left the child alone in this environment. The court could have found from the evidence that appellant, with heedless indifference to the consequences, had perversely disregarded a known risk.

I would find not only that appellant acted negligently, but that she acted recklessly, and I would affirm the conviction.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.