The STATE of Ohio, Appellee,

v.

MARTIN, Appellant.

[Cite as *State v. Martin* (1999), 134 Ohio App.3d 41.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980679.

Decided June 11, 1999.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Tina I. Ernst*, Assistant Prosecuting Attorney, for appellee.

*Kelly Farrish* and *Craig L. Farrish*, for appellant.

**42**

*Per Curiam.*

Defendant-appellant, Sherrie Martin, appeals a conviction for endangering children pursuant to R.C. 2919.22(A). Evidence presented at a bench trial showed that on Sunday, December 28, 1997, at approximately 4:00 p.m., Officer Fred Romano of the Springdale Police Department received a call to respond to the parking lot near the Lazarus department store at Tri–County Mall. Upon arriving, he found several individuals surrounding a vehicle in the crowded parking lot, about seventy feet away from the entrance to the store. He learned that eight-year-old Zachary Martin was alone inside a car when it had rolled out of its parking space and into the aisle, and that several witnesses had pushed the car back. The officer testified that Zachary looked scared and upset and that he kept asking for his mother.

After investigating for approximately fifteen minutes, Romano went inside the Lazarus store to the security desk. He asked the security personnel whether they had received any reports of the missing child and they responded that they had not. He then asked them to read the car's license-plate number over the store's intercom, and he returned to the parking lot. A few minutes later, appellant returned to the vehicle. Romano testified that he had been at the scene approximately twenty to thirty minutes when she arrived. He stated that appellant told him that Zachary had gotten lost inside the store and that she had previously told him to return to the car in that situation.

Martin testified that she had gone to Lazarus to return a gift and that she had parked her car outside the store. Zachary, who would turn nine years of age the following day, had been sleeping in the back seat and did not want to leave the car and go into the store. Consequently, she allowed him to stay in the car while she went to the store's return desk, which was located near the door. She was in the store waiting in line for several minutes when she heard her license-plate number being read over the intercom. She left the store and found several people, including Officer Romano, standing around her car. She testified that because Romano screamed at her and told her to "shut up," she became frightened and lied to him about Zachary becoming lost.

Zachary testified that, after his mother left, he had been unable to go back to sleep. He accidentally "hit the stick out of gear," causing the car to roll out of its parking place. Two men in the parking lot saw what happened and pushed the car back into place. Zachary testified that he could not see his mother in the store and that she was gone "a long time." But he stated that that he was not afraid until he knocked the car out of gear and it began to roll.

██ After hearing all the evidence, the trial court found appellant guilty as charged. She was appropriately sentenced, and this appeal followed. Appellant

presents two assignments of error for review. In her first assignment of error, she contends that the evidence was insufficient to support her conviction because the state failed to prove that she acted recklessly. We find this assignment of error to be well taken.

■ Appellant was convicted of violating R.C. 2919.22(A), which provides that "[n]o person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." Though this statute does not specify a culpable mental state, the Ohio Supreme Court has held that recklessness is an essential element of the offense. *State v. McGee* (1997), 79 Ohio St.3d 193, 680 N.E.2d 975, syllabus; *State v. Massey* (1998), 128 Ohio App.3d 438, 715 N.E.2d 235. R.C. 2901.22(C) states that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

We hold as a matter of law that the state failed to prove beyond a reasonable doubt that appellant acted recklessly. While appellant's actions may have been imprudent or even negligent, we cannot say that, by leaving an almost nine-year-old child sleeping in the back seat of a locked vehicle approximately seventy feet from her destination, appellant perversely disregarded a known risk or acted with heedless indifference to the consequences. See *Massey, supra; State v. Bennett* (July 13, 1995), Cuyahoga App. No. 68039, unreported, 1995 WL 415193. We, as a society, cannot punish parents for every error in judgment, even if a child is injured, under a theory of strict liability. *Bennett, supra.* The law in Ohio specifically requires a mental state of recklessness and the conduct of appellant in this case does not rise to that level.

Further, R.C. 2919.22(A) also requires the state to prove that appellant created a "substantial risk to the health or safety of the child." We hold as a matter of law that the state also failed to prove this element of the offense. R.C. 2901.01(A)(8) defines a "substantial risk" as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." *State v. Sammons* (1979), 58 Ohio St.2d 460, 463–464, 12 O.O.3d 384, 385–387, 391 N.E.2d 713, 715. In this case, the child was not injured, and the state failed to prove beyond a reasonable doubt that there was a strong possibility that he would have been injured. The state makes much of the fact that the car rolled a short distance in the parking lot. But Officer Romano did not see the car roll, and the state presented no evidence of the distance involved. Photographs presented into evidence showed that the area

was level, making the possibility minimal that the car would roll any great distance or at any great speed. While appellant may have created some speculative risk to her child, we cannot hold that she created a strong possibility that the child would be injured. See *Warrensville Hts. v. Walker–Pannell* (Nov. 25, 1998), Cuyahoga App. No. 73634, unreported, 1998 WL 827600; *Massey, supra*. To conclude otherwise would require an inference upon an inference— that the car would strike another vehicle and that the child would also be injured—which is legally impermissible. See *State v. Graves* (M.C.1992), 62 Ohio Misc.2d 358, 360–361, 598 N.E.2d 914, 916.

After reviewing the record, we hold that the state's evidence, even when viewed in a light most favorable to the prosecution, could not convince a rational trier of fact beyond a reasonable doubt that appellant recklessly created a substantial risk to Zachary's health or safety. Consequently, the evidence was not sufficient to support appellant's conviction for endangering children pursuant to R.C. 2919.22(A). *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Accordingly, we sustain appellant's first assignment of error, reverse her conviction, and order her discharged.

In her second assignment of error, appellant argues that her conviction was against the manifest weight of the evidence. But appellant has already success- fully argued that the evidence was insufficient to support her conviction, which is a higher standard to meet. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386– 388, 678 N.E.2d 541, 546–547; *State v. Ashbrook* (Apr. 30, 1997), Hamilton App. No. C–960535, unreported, 1997 WL 208148. Consequently, we find her second assignment of error to be moot, and we decline to address it.

*Judgment reversed*
*and appellant discharged.*

DOAN, P.J., PAINTER and WINKLER, JJ., concur.