OPINION
Defendant-appellant, Marva Rasmussen, appeals her conviction in the Mason Municipal Court for child endangering in violation of R.C.2919.22(A).
The facts of this case are not in dispute. On March 17, 2000, Deputy Boylan from the Warren County Sheriff's Department was dispatched to a residence on Homecrest Lane for a wellness check. The dispatch was in response to a telephone call received by the police in which the caller reported that she had repeatedly phoned the residence and the phone was answered by a young child, not an adult.
Deputy Boylan rang the doorbell and a small child with a pacifier in his mouth came to the front window. Deputy Boylan attempted to have the child get an adult, and the child left the window and rattled the front doorknob. After three to five minutes, appellant pulled into the driveway.
Appellant told the deputy that she left Ben, her three-and-one-half-year-old son, alone for approximately twenty-five to thirty-minutes. Appellant testified that she needed to run some errands, but Ben was sleeping on the couch. Appellant indicated that she drove approximately five minutes to the high school where she teaches to drop off papers and to get a key, then to the bank, which is about two miles from her house, and then to her babysitter's house, which is in her housing development, so that she could pay the babysitter.
On March 20, 2000, Deputy Boylan returned to appellant's house and served her with a criminal complaint for child endangering in violation of R.C. 2919.22(A), a first degree misdemeanor. Appellant pled not guilty, and a bench trial was held on May 10, 2000. Appellant's motions for acquittal at the close of the state's case and again at the close of all the evidence were overruled by the trial court. On June 9, 2000, the trial court issued a written decision finding appellant guilty of child endangering. Appellant appeals her conviction and raises two assignments of error.
Assignment of Error No. 1:
 THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF CHILD ENDANGERING.
Assignment of Error No. 2:
 THE JUDGMENT OF CONVICTION FOR CHILD ENDANGERING IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 Appellant first contends that the trial court erred by overruling her motion for acquittal where the evidence was insufficient to sustain the conviction for child endangering. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
Appellant was convicted of child endangering in violation of R.C.2919.22(A), which states in pertinent part: "No person, who is the parent *** of a child under eighteen years of age *** shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection or support." Proof of a culpable mental state of recklessness is an essential element of the crime of child endangering. State v.McGee (1997), 79 Ohio St.3d 193, 195. R.C. 2901.22(C) provides that:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 Appellant argues that "[t]he act of leaving a three-and-one-half-year-old child home alone, without more, is insufficient to prove that the [a]ppellant perversely disregarded a `known risk.'" Appellant also argues that the evidence failed to establish a "substantial risk" to her child's health or safety because, "[d]espite being three and one half years old and home alone, [a]ppellant's son was found in a home that was very well kept, and at the time that he was found he was smiling and waving at Detective Boylan."
Sufficient evidence for a conviction under R.C. 2919.22(A) may be based on isolated instances in which parents recklessly put their children's health and safety at risk. State v. James (Dec. 18, 2000), Brown App. No. CA2000-03-005, unreported, at 5. The term "substantial risk" is defined in R.C. 2901.01(H) as meaning "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." We have previously held that parents have a duty to properly supervise their children and that the failure to do so can amount to recklessness. Statev. Schaffer (1998), 127 Ohio App.3d 501.
We find that the act of leaving a three-and-one-half-year-old child home alone creates a substantial risk of harm to the child. The inherent risks involved in leaving such a young child home unattended and unsupervised, for twenty-five to thirty minutes, are common knowledge. The act of leaving such a young child completely alone and totally unsupervised created a strong probability of harm to the child. Children of such a young age are not competent to take care of themselves, either under ordinary circumstances or in emergency situations, regardless of whether the home is well-kept or not.
We note that the facts of this case vary greatly from the facts of cases in which parents have left significantly older children unattended for short periods of time while they were nearby. In State v. Allen
(Nov. 24, 2000), Hamilton App. No. C-000011, unreported, the court found that a father was not reckless when he left his seven-year-old son unattended for a few minutes while he went to a neighbor's house to borrow butter. In the case before us, appellant got into her vehicle and drove away from her house leaving her son, who was considerably younger than the child in Allen, alone and unsupervised while she was several miles away. See, also, State v. Martin (1999), 134 Ohio App.3d 41
(leaving nine-year-old child inside car while returning item inside front door of store was not reckless). Under the facts of this case, we find that there was sufficient evidence to establish that appellant created a substantial risk to her young child by leaving him alone and unattended.
We also disagree with appellant's contention that she did not create a substantial risk to her son because he was found in a well-kept home and was smiling and waving at the deputy when he arrived. Actual harm to the child need not be realized to establish child endangering, only the circumstances which create a substantial risk. State v. Schaffer
(1998), 127 Ohio App.3d 501. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends that her conviction was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant argues that she explained the circumstances that resulted in her decision to leave Ben home alone, and admitted that it was "not the best judgment" she could have made. She testified that Ben was sleeping on a couch in the playroom, she did not want to wake him, and felt that she could run, "five minutes away to the school and the bank and be back long before he woke up." She reiterated that when she returned home, Ben "was not injured, he was fine." She argues that the risks the state questioned her about were only possible or speculative risks to her son's health and safety, not known risks.
As mentioned above, the inherent risks involved in leaving a three-and-one-half-year-old child alone and unsupervised are common knowledge, and actual harm to the child is not an element of the offense. Appellant testified that her son goes to the babysitter while she is at work because it would not be safe to leave him home alone. In spite of that knowledge, appellant got into her vehicle, drove several miles away, and made three separate stops in which she got out of her car before returning home. Appellant's conviction was not against the manifest weight of the evidence. The second assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.