OPINION
Appellant Virginia Billman appeals the decision of the Licking County Municipal Court that found her guilty of two counts of child endangering. The following facts give rise to this appeal.
On October 21, 2000, Appellant Virginia Billman, her husband, Jeffrey Billman, and their four children met friends for a Halloween celebration. The party proceeded to the residence of Erin Herd. At approximately 12:30 a.m., the adults decided to go to the Pioneer, a local bar, located approximately one and one-half miles from the Herd residence. The two youngest children, Ashlyn, age four and C.J., age eight, were already asleep when the adults left to go to the Pioneer. The two older children, Melissa, age nine, and Allen, age eleven, were watching videos. Prior to leaving, the adults left a cell phone telephone number with Allen so he could call if he needed them.
The adults, including appellant, stayed at the Pioneer Bar for approximately thirty to forty-five minutes. They returned to the Herd residence to check on the children. At approximately 2:30 a.m., the adults left the Herd residence again and went driving around the area on back roads. The adults returned to the Herd residence at approximately 4:30 a.m. Appellant was intoxicated. Once back at the Herd residence, an argument ensued among the adults. Erin Herd asked appellant to leave her residence. Appellant called a friend, Tiffany Miller, and asked her to pick her up at the Herd residence.
Due to the arguing, appellant decided to leave the Herd residence, with her four children, and begin walking in the direction that Tiffany Miller would be coming from to give them a ride. At the time appellant left the Herd residence, it was approximately fifty-five degrees outside. The children were not wearing coats and a couple of them were in their bare feet. Approximately one hundred yards from the Herd residence Officer John Grover, from the Utica Police Department, encountered appellant and her children. Officer Grover placed the children in his cruiser, to keep them warm, while he talked to appellant. Within minutes, Tiffany Miller arrived to give them a ride. Officer Grover decided to place appellant under arrest. A scuffle ensued in Erin Herd's driveway which resulted in both appellant and Officer Grover falling to the ground.
Following this incident, on November 27, 2000, appellant was charged with four counts of child endangering, one count of resisting arrest and one count of disorderly conduct. On December 12, 2000, appellant appeared before the trial court and entered a not guilty plea to each charge. Appellant appeared before the trial court on February 2, 2001, and entered a guilty plea to the resisting arrest charge. The state moved to dismiss the charge of disorderly conduct.
After the trial court accepted appellant's plea and entered the dismissal, this matter proceeded to a bench trial on the four counts of child endangering. The trial court found appellant guilty of two of the charges of child endangering and sentenced her to thirty days in jail, suspended time, on each charge. The trial court also sentenced appellant to an additional thirty days suspended jail time on the charge of resisting arrest.
Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO WARRANT A CONVICTION OF THE DEFENDANT-APPELLANT.
 I
Appellant maintains, in her sole assignment of error, that the state failed to introduce sufficient evidence to warrant a conviction for two counts of child endangering. We agree.
Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Appellant's brief reflects proof of service on the Licking County Prosecutor on April 16, 2001. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v. Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
Appellant's sole assignment of error challenges the sufficiency of the evidence. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. We must consider the evidence in a light most favorable to the state and determine whether any reasonable trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. State v. Waddy (1992), 63 Ohio St.3d 424, 430. It is based upon this standard that we review appellant's sole assignment of error.
R.C. 2919.22, the child endangerment statute, provides as follows:
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *
R.C. 2901.01(A)(8) defines a "substantial risk" as "* * * a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." Under R.C. 2919.22(A), the culpable mental state of "recklessness" is an element of the crime. State v. McGee (1997), 79 Ohio St.3d 193, 195. R.C. 2901.22(C) defines "recklessness" as follows:
 (C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
An inexcusable failure to act in discharge of one's duty to protect a child where such failure to act results in a substantial risk to the child's health or safety is an offense under R.C. 2919.22(A). State v.Kamel (1984), 12 Ohio St.3d 306, 309.
The trial court concluded that appellant's conduct did not create a "substantial risk" for the children when she had them outside with her while she was waiting for her ride to arrive. Tr. at 35. However, the trial court concluded that appellant's decision to leave the two youngest children, with appellant's eleven-year-old son as the babysitter, did create a "substantial risk" to the two younger children's health and safety. Tr. at 36. Accordingly, the trial court found appellant guilty of two of the four counts of child endangering as it pertained to the two youngest children. Id.
Based upon our review of the evidence, we conclude appellant's conviction for two counts of child endangering is not supported by the sufficiency of the evidence. The evidence introduced by the state, at trial, does not support the conclusion that appellant created a "substantial risk" to the health and safety of her two youngest children. When appellant left, with the other adults, to go to the Pioneer Bar, her two youngest children were sleeping. Id. at 24. The two oldest children were watching videos. Id.
Appellant's eleven-year-old son, Allen, was told where the adults were going and was provided with a cell phone telephone number he could call in case of an emergency. Id. at 7, 25. Appellant testified that Allen earns grades of mostly A's and B's in school and is not a discipline problem. Id. at 25. Both Allen and Melissa know how to use the telephone. Id. at 25. Erin Herd's residence is located approximately one-and-one half miles from the Pioneer Bar and it takes only a few minutes to drive to the bar from her residence. Id. at 10.
The Herd residence is a new home. Id. at 10, 26. No dangerous animals were present in the home. Id. at 10. Both Herd and appellant testified that the children had access to food, bathroom facilities and running water. Id. at 10, 26. Patrolman Daniel Toomey inspected the Herd residence and testified that it appeared to be a safe place. Id. at 19-20. The evidence further establishes that the adults, including appellant, stayed at the Pioneer Bar approximately thirty to forty-five minutes and then returned to the Herd residence to check on the children. Id. at 6, 18. After checking on the children, the adults left the Herd residence again and did not return until 4:30 a.m. Id.
Based upon the above testimony, we find the state failed to present sufficient evidence to establish, beyond a reasonable doubt, that appellant acted recklessly and created a substantial risk of harm when she permitted her eleven-year-old son and nine-year-old daughter to watch her two younger children.
Appellant's sole assignment of error is sustained.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is reversed.
Pursuant to App.R. 24(A)(3), appellee shall pay costs in this matter.
Hon. Julie A. Edwards, P. J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. concur.