JOURNAL ENTRY and OPINION
Appellant Jequetta Richmond appeals from the trial court's decision finding her guilty of child endangerment in violation of Cleveland Codified Ordinance 609.04(a). Richmond assigns the following as errors for our review:
 I. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT-APPELLANT'S RULE 29(C) MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED BY THE CITY WAS INSUFFICIENT TO SUPPORT A CONVICTION OF C.C.O. 609.04(A), BECAUSE THE CITY FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT-APPELLANT ACTED RECKLESSLY.
 II. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT-APPELLANT'S RULE 29(C) MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED BY THE CITY WAS INSUFFICIENT TO SUPPORT A CONVICTION OF C.C.O. 609.04(A), BECAUSE THE CITY FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT-APPELLANT CREATED A SUBSTANTIAL RISK TO THE HEALTH OR SAFETY OF THE CHILD.
 III. THE DEFENDANT'S CONVICTION OF C.C.O. 609.04(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the record and pertinent law, we reverse the decision of the trial court and discharge Richmond. The apposite facts follow.
On August 6, 2000, Cleveland Patrol Officers Peter Turner and Lynn Bilko were assigned to investigate a domestic disturbance at 904 East 76th Street, Cleveland, Ohio. While at that address, Officer Turner noticed a two-year old child wearing diapers playing with a ball in the front yard of 890 East 76th Street while two adults, Richmond and her daughter Alice Johnson, sat on the front porch. As Officer Turner looked-on, the ball rolled away from the child and into the street. The child followed the ball into the street, but the adults did not leave the porch. Officer Turner used his police cruiser's public address system to alert the adults of the child's endangerment, ordering them to "Get that kid out of the street." Although Richmond and Johnson testified they immediately ran to the child, the officer testified that they casually moved from the porch; and did so only after Officer Turner drove his cruiser to the child and exited his vehicle. At that time, the child had been sitting in the middle of the street for approximately twenty to thirty seconds.
Richmond admitted the child is her grandson, and she was responsible for supervising her. At trial, she testified she was sitting on the porch while the child was playing with a ball on the porch. She then looked away to ask Johnson for a drink of water. During that time, she supposed the ball bounded down the porch steps onto the front yard, and then rolled into the street. She did not see any of this happen, nor did she see the child pursue the ball into the yard or the street. She further testified the porch structure significantly obscured her vision of the yard and the street; consequently, she did not observe the child leave the porch.
In response to this incident, the City of Cleveland charged Richmond with child endangerment in violation of C.C.O. 609.04(a). Richmond moved the court for an order of acquittal pursuant to Crim.R. 29(A). This appeal follows the trial court's denial of that motion.
C.C.O. 609.04(a) provides:
 No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection or support.
This code provision is analogous to R.C. 2919.22(A) which the Ohio Supreme Court held requires proof of recklessness to sustain a conviction.[1] Accordingly, in addition to proving the statute's explicit elements, the City of Cleveland was required to prove Richmond acted recklessly in endangering her grandson.
Because we resolve this case on assigned error three, we decline to discuss assigned errors one and two. Accordingly, we hold Richmond's assigned error three has merit, and she is discharged.
At the outset, we must note that Richmond's behavior in this case is less than admirable; however, it is not criminal. As we stated earlier, the Ohio Supreme Court has held that the crime of child endangerment requires proof of recklessness. R.C. 2901.22(C) defines the reckless behavior of a person as:
 [W]ith heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist. (Emphasis added.)
Heedless indifference and perverse disregard of a known risk must occur at the same time within the context of the same risky behavior. Indifference is defined in Webster's Dictionary as a lack of inclination, and disregard is defined as neglectful. It stands to reason that heedless indifference and perverse disregard are much more than neglect or negligence. A person may be negligent but not reckless. Thus, in the child endangerment context length of time of one's behavior may define the core of whether that behavior was negligent or reckless.
In this case, the officer testified that for 20 to 30 seconds Richmond did not move to remove the child from the street after he alerted her with his loudspeaker. In State v. Schaffer,[2] the defendant lost sight of a two-year-old child for at least five to ten minutes. The two year old child had wandered off approximately 100 yards from his home. The defendant did not know where he was. The court held this inattentive behavior amounted to recklessness.[3] The court apparently considered five to ten minutes to be more than negligence, but more reckless since the caregiver did not know where the child had wandered.
Here, the officer testified that he first observed the child in the yard and when the ball rolled into the street, the child followed. The officer alerted Richmond and she reached the child before the officer. However, the officer was paused because she took all of twenty-to-thirty seconds to reach the child. Ultimately, the City argued that at the heart of this case is that the child was allowed to wander in the street, and Richmond, her caregiver and grandmother, was positioned behind an obstruction.
However, "[w]e, as a society, cannot punish parents for every error in judgment, even if a child is injured, under a theory of strict liability."[4] Richmond did move to retrieve the child from the street. It is sad that the child was allowed to wander; however, the momentary lapse in judgment was minimal.
We are not suggesting that the measuring stick of criminal responsibility should be whether the child was harmed. The concern is whether the caregiver's behavior is reckless. Sometimes, caregivers are negligent; the parent left a child in a bathtub for four minutes to care for another child. There, the court held the action of the parent was not criminal.[5]
We recognize that Massey turned on the fact that the caregiver was taking care of another child. Nevertheless, the key was inattentiveness, which did not rise to a level of recklessness. The bright line for these cases is whether the inattentiveness rises to the level of heedless indifference and perverse disregard, not whether the behavior constitutes at best a momentary lapse in judgment. Consequently, under State v.Thompkins,[6] we conclude the jury lost its way. For it is the quality of the evidence that is missing in this case.
Judgment reversed and Richmond is hereby discharged.
This cause is reversed and discharged.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN DYKE, J., CONCUR.
[1] State v. McGee (1997), 79 Ohio St.3d 193; 680 N.E.2d 975.
[2] State v. Schaffer (1998), Ohio App.3d 501, 713 N.E.2d 450.
[3] State v. Morton (2000), 138 Ohio App.3d 307, 741 N.E.2d 202
(three week old child locked in a van for thirty to forty minutes on a hot summer day).
[4] State v. Martin (1999), 134 Ohio App.3d 41, 43, 730 N.E.2d 386,387, citing State v. Bennett (1995), Ohio App. LEXIS 2940 (July 13, 1995), Cuyahoga App. No. 68039, unreported.
[5] State v. Massey (1998), 128 Ohio App.3d 438, 715 N.E.2d 235.
[6] (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.