{¶ 36} Respectfully, I dissent. I do not agree that a parent who is drunk, or angry, or breaks a glass bottle in a child's room, or carries a naked child in a manner "suggesting small consideration for her comfort," is guilty of the crime of child endangering.
 {¶ 37} Muniz was convicted of violating R.C. 2919.22(A), which provides that "no person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."
 {¶ 38} Substantial risk is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C.2901.01(A)(8). Recklessness is an essential element of the offense.State v. McGee (1997), 79 Ohio St.3d 193, 195; State v. Adams (1980),62 Ohio St.2d 151, 152. A person acts recklessly "when, with *Page 10 
heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. * * *." R.C. 2901.22(C).
 {¶ 39} The City's evidence showed that Muniz was intoxicated, smashed a beer bottle on a windowsill in the child's bedroom as the child's mother was trying to change her, pounded the closet doors above the mother's head as she was holding the child, and then ordered her out of the apartment. The evidence further showed that when Muniz opened the door to the police only a few minutes later, he was holding the child, who was still unclothed and crying, "like a sack of potatoes." He put the child down on the couch in the living room when the police ordered him to do so. She was not injured.
 {¶ 40} Even viewing this evidence in a light most favorable to the prosecution, the City failed to prove that Muniz's conduct gave rise to a substantial safety risk to his daughter. The child was not injured and the City failed to prove beyond a reasonable doubt that there was a strong possibility that she would have been injured. While Muniz's actions may have created a speculative risk to his daughter's safety, mere speculation about what might have happened is insufficient to show that there was a strong possibility that an event might occur.Eastlake v. Corrao, Lake App. No. 2002-L-094, 2003-Ohio-2373, at T|17, citing Allen, supra; State v. Martin (1999), 134 Ohio App.3d 41, 44;State v. Massey (1998), 128 Ohio App.3d 438. *Page 11 
 {¶ 41} The City also failed to prove beyond a reasonable doubt that Muniz acted recklessly. While his actions may have been inappropriate and imprudent, I cannot conclude that by smashing a beer bottle on the windowsill while his daughter was in the room or punching the closet doors above the mother's head while she was holding the child, or even holding the child "like a sack of potatoes," Muniz perversely disregarded a known risk or acted with heedless indifference to the consequences.
 {¶ 42} While not condoning Muniz's inappropriate actions, as this court has recognized, parents and other child care-givers are not criminally liable for every error in judgment or act of bad parenting.State v. Bennett (July 13, 1995), Cuyahoga App. No. 68039. See, also,State v. Allen (2000), 140 Ohio App.3d 322, 325, citing Martin, supra at 43. The City's evidence, even when viewed in a light most favorable to the prosecution, was insufficient to sustain a conviction for child endangering under R.C. 2919.22(A). Thus, I would hold that the trial court erred in denying Muniz's Crim.R. 29 motion for acquittal. *Page 1