[Cite as *State v. Wyatt*, 2014-Ohio-5194.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2014-06-081 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/24/2014 |
| - vs - | | |
| | : | |
| BRITTANY A. WYATT, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 14CRC00033

Bethany Bennett, Mason City Prosecutor, 5950 Mason Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Candace C. Crouse and Eric G. Eckes, 455 Delta Avenue, Suite 105, Cincinnati, Ohio 45226, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Brittany A. Wyatt, appeals from her conviction in the Mason Municipal Court for one count of child endangering. For the reasons outlined below, we affirm.

{¶ 2} On January 13, 2014, a complaint was filed charging Wyatt with one count of child endangering in violation of R.C. 2919.22(A), a first-degree misdemeanor. A one-day

bench trial was subsequently held on March 6, 2014.

{¶ 3}   At trial, Dennis Shock testified that at approximately 10:00 a.m. or 11:00 a.m. on the morning of January 12, 2014, he heard "what sounded like children screaming coming from the garage next door to me."  Believing the noise was just "kids playing in the garage being loud," Shock testified he did not give it much thought.  However, after hearing continuous crying and screaming for approximately 10 to 15 minutes, Shock's daughter came to him expressing her concerns for the children next door.  When the crying did not stop after 20 minutes, Shock called the police.

{¶ 4}   Shock testified he went outside after calling police and confirmed that the crying was coming from the garage next door.  Shock also testified he heard the child "kicking on the door, kind of hitting the door."  According to Shock, because he was a parent, he could tell between "a distress cry or plain screaming."  Shock also testified that it was a cold morning with temperatures of approximately 30 degrees.  From the time he first heard crying to when the police arrived, Shock estimated that approximately 30 to 40 minutes had passed.

{¶ 5}   Next, Deputy Charles Hale of the Warren County Sheriff's Office testified that he responded to the scene to investigate a report of a "child screaming and banging on the door."  Upon his arrival, Deputy Hale could hear a child crying and screaming in the garage from approximately five to ten yards away.  Deputy Hale then testified that he went to the house and made contact with the child's father, who had been sleeping upstairs, as well as Wyatt, a friend of the child's mother who agreed to watch the couple's five children while she went to the store that morning.

{¶ 6}   Continuing, Deputy Hale testified Wyatt denied that there were any children in the garage.  However, after making their way to the garage, Deputy Hale testified Wyatt "entered and then acted surprised that the child was in there until later in the investigation when she finally told me why[.]"  Deputy Hale then testified:

Q: How old was the child – at this point, did you get the child out of the garage?

A: Yes.

Q: Was the child still screaming?

A: Yes, until I brought it in.

Q: Okay. She stopped screaming? Is it a little boy or little girl?

A: Little girl.

Q: And approximately how old was the child?

A: Three years old.

Q: And what type of clothing did the child have on?

A: What I recall is a T-shirt and a pair of shorts.

Q: Do you recall any shoes?

A: I don't recall any shoes, no.

{¶ 7} Deputy Hale then testified that he checked the temperature on his cell phone, which indicated it was 37 degrees outside. Deputy Hale also testified that the garage was not heated and that the child was not strapped into a car seat, but was "roaming freely" in the garage. The state then rested.

{¶ 8} Wyatt testified as the sole witness in her defense. According to Wyatt, she was merely attempting to help her friend by watching her five children while she went to the store. However, after the mother left the house, Wyatt testified that things "began to escalate" amongst the children. Specifically, Wyatt testified that the three year old started screaming and biting another child. Wyatt then testified:

> Then I put her back into the car seat and I snapped her in and I thought – maybe (inaudible) – take her in, try to get her to calm down. She wasn't calming down for me. And so I made a poor decision and I put her in the garage, but it was next to – right next to the door and it was against their deep freezer so that she couldn't tip over the seat. Because I didn't want her to be in a

position where she might endanger herself.

So at that point I went back into the house to check on [another child], got him under control, checked on her again (inaudible) tried to separate them, calm down, got [another child] calmed down, checked him out, went back to check on her.

{¶ 9} According to Wyatt, the child was in the garage for approximately ten minutes. Wyatt further testified, "I offered as a friend to stay down [with the children] until [the father] got downstairs after getting dressed." Wyatt also testified that she put the child in the garage in an attempt to "diffuse the situation." Following Wyatt's testimony, the defense rested.

{¶ 10} After taking the matter under advisement, the trial court issued a written decision finding Wyatt guilty of child endangering. Specifically, the trial court found Wyatt "violated a duty of care or protection by reason of her actions, and that the violation of such duty created a substantial risk of harm to the health or safety of such child." Wyatt was then sentenced to 180 days in jail, all of which were suspended, and ordered to pay a fine of $200 and court costs. Wyatt was also ordered to serve one year of community control and required to attend child care classes.

{¶ 11} Wyatt now appeals from her conviction, raising a single assignment of error for review.

{¶ 12} THE TRIAL COURT ERRED IN CONVICTING APPELLANT AS THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A CONVICTION FOR CHILD ENDANGERMENT.

{¶ 13} In her single assignment of error, Wyatt argues her child endangering conviction must be reversed as it was supported by insufficient evidence. We disagree.

{¶ 14} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Hoskins*, 12th Dist. Warren No. CA2013-02-013, 2013-Ohio-3580, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the

sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 25, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

{¶ 15} As noted above, Wyatt was convicted of child endangering in violation of R.C. 2919.22(A), a first-degree misdemeanor. "R.C. 2919.22(A) is aimed at preventing acts of omission or neglect when the breach results in a substantial risk to the health or safety of a child." *State v. Stewart*, 5th Dist. Stark No. 2007-CA-00068, 2007-Ohio-6177, ¶ 59. Specifically, the statute provides, in pertinent part, that "[n]o person, who is the * * * person having custody or control * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."

{¶ 16} For purposes of child endangering cases, a "substantial risk" is defined by R.C. 2901.01(A)(8) as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." Moreover, although not explicit, "[t]he existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A)." *Bloomingburg v.*

*Grove*, 12th Dist. Fayette No. CA2009-06-009, 2010-Ohio-212, ¶ 16, quoting *State v. McGee*, 79 Ohio St.3d 193 (1997), syllabus. Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."

{¶ 17} Wyatt does not argue she was the person having custody or control over the child. Instead, Wyatt argues her conviction must be reversed because the state failed to prove she acted recklessly, thereby creating a substantial risk to the health or safety of the child. However, when viewing the evidence in a light most favorable to the state, the evidence firmly establishes that Wyatt placed a three-year-old child wearing only a t-shirt and shorts into an unheated garage when the temperature outside was between 30 and 37 degrees. The child then remained in the garage unattended and unsupervised for a period of 30 to 40 minutes, during which time the child was heard screaming and banging on the door. Not only do we find Wyatt's conduct to be reckless, we find it presented a substantial risk to the child's health and safety by creating a strong possibility that the child would be injured as a result.

{¶ 18} Wyatt has cited to a number of cases that she believes requires her child endangering conviction be reversed. *See, e.g., State v. Dillon*, 4th Dist. Washington No. 11CA31, 2013-Ohio-614 (finding state provided insufficient evidence to establish child endangering conviction where appellant briefly left her children ages two and four unattended on a gated deck when children left the deck and started fire in adjacent structure killing the two year old); *State v. Martin*, 134 Ohio App.3d 41 (1st Dist.1999) (finding state provided insufficient evidence to establish child endangering conviction where appellant left eight-year-old son in locked car, at his request, while she went inside to run an errand during which time the child accidentally knocked car into gear causing it to roll into parking lot aisle); *State v. McLeod*, 165 Ohio App.3d 434, 2006-Ohio-579 (2d Dist.) (finding state provided insufficient

- 6 -

evidence to establish child endangering conviction where appellant left five-year-old child unattended at playground during the afternoon hours for approximately 30 minutes even though playground had a history of juvenile assault activity); *State v. Hughes*, 3d Dist. Shelby No. 17-09-02, 2009-Ohio-4115 (finding state provided insufficient evidence to establish child endangering conviction where appellant left five year old in a locked car for approximately 30 minutes with air conditioning running and a cell phone).

{¶ 19} However, as Wyatt acknowledged, these types of cases are intensely fact-specific, and therefore, do not easily lend themselves to comparison to other child endangering cases. *Cuyahoga Hts. v. Majors*, 8th Dist. Cuyahoga Nos. 100687 and 100689, 2014-Ohio-3326, ¶ 26. Moreover, even if we were to make such comparisons, our research has also found cases that would support Wyatt's conviction. *See, e.g., State v. Lewis*, 192 Ohio App.3d 153, 2011-Ohio-187, ¶ 51 (5th Dist.) (finding child endangering conviction was supported by sufficient evidence where appellant left her two-year-old child unattended for 30 minutes in a car when the temperature outside was between 24 and 25 degrees); *see also State v. Morton*, 138 Ohio App.3d 309, 311-312 (1st Dist.2000) (finding child endangering conviction was supported by sufficient evidence where appellant left three-week-old child unattended for 30 to 40 minutes in a car on a hot summer day).

{¶ 20} Contrary to Wyatt's claim otherwise, and again when viewing the evidence in a light most favorable to the state, this is not a case in which Wyatt simply turned her attention from one child for a moment to tend to another. Nor do we find this to be a case of mere negligence. Rather, as noted above, and just as the trial court found, Wyatt "violated a duty of care or protection by reason of her actions, and that the violation of such duty created a substantial risk of harm to the health or safety of such child." Therefore, although we find the evidence to be somewhat limited, because the state nevertheless provided sufficient evidence to support Wyatt's child endangering conviction, Wyatt's single assignment of error

is overruled.

**{¶ 21}** Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.