THE STATE OF OHIO, APPELLEE, *v.* WRIGHT, APPELLANT.

(No. 85AP-1096 — Decided
May 13, 1986.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais,* city prosecutor, and
*David E. Tingley,* for appellee.

*James Kura,* county public
defender, and *Allen V. Adair,* for appellant.

McCORMAC, J. Defendant-appellant, Wanda R. Wright, was charged with endangering children in violation of R.C. 2919.22(A). After trial to the court, a jury having been waived, she was found guilty and given a five-day suspended sentence on the condition that she complete forty hours of community service.

Appellant has appealed, asserting as her sole assignment of error that the evidence failed to establish that her actions caused a substantial risk to the health and safety of the child in question.

Christopher Ford, a seven-month-old child, who was in the stage where he could move around by scooting but who was not yet in the stage where he could crawl, was left with appellant for caretaking. Appellant was also caring for several other small children at the time. Appellant was ironing clothes on a three- to three-and-one-half-foot high dresser in a bedroom where Christopher was left on the floor. At that time, she went downstairs to care for one of the other children. She left the hot iron, still plugged in, standing on end on the dresser. During the ten minutes that she was gone from the room, Christopher apparently scooted over and pulled on the cord, causing the iron to fall on the floor. Christopher received about eight rather nasty-looking burns on his face, hands, arm and leg before appellant returned to care for him.

Appellant was charged with a violation of endangering children pursuant to R.C. 2919.22(A), which read (see 140 Ohio Laws, Part I, 1192, 1213), as pertinent, as follows:

"No person, being the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of such child, by violating a duty of care, protection, or support.* * *"

The culpable mental state of recklessness is an essential element of the crime of endangering children. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144; R.C. 2901.21(B).

R.C. 2901.22(C) provides as follows:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The first contention made by appellant is that it was against the manifest weight of the evidence for the trial judge to find that she acted recklessly. That contention is not well-taken. There was sufficient evidence for the trial court to find that appellant acted recklessly with

heedless indifference to the consequences in perverse disregard of a known risk when she left a baby on the floor of the bedroom where a hot iron was plugged in and standing on edge on a dresser when she knew that the baby was able to scoot around to pull the cord, causing the iron to fall to the floor and injure or burn the child. The child was left there by appellant's own admission for about ten minutes during which time the child sustained eight burns to his body. The state of mind of a defendant is subjective and can be determined from inferences arising from the circumstances. From the circumstances, there was sufficient evidence for the trial court to find that appellant acted recklessly as defined by R.C. 2901.22(C). The appellant's statement of intent can be taken into account, but credibility is for the trial court.

Appellant next contends that it was against the manifest weight of the evidence to find that appellant created a substantial risk to the health or safety of Christopher Ford. "Substantial risk" is defined by R.C. 2901.01(H) as follows:

" 'Substantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."

There was circumstantial evidence from which the trial court could find that appellant created a strong possibility that the child may have been injured by the iron being pulled off the dresser onto the floor. The foreseeability of that event occurring was an issue for the trier of fact, and the trial court's finding that there was a substantial risk created to the health and safety of the child was not against the manifest weight of the evidence. It should be kept in mind that the appellant knew that the small child was able to move about and, inferentially as a mother, that she knew of the propensity of small children to pull objects off tables or dressers if able to do so, as the child was able to do so in this case by virtue of the cord being within his scooting range when he was left alone for the lengthy period of time that he was.

Finally, appellant argues that R.C. 2919.22(A) is constitutionally overbroad because it fails to give reasonable notice as to what conduct is proscribed. There is no indication in the record that the issue of constitutionality of the statute was raised in the trial court, nor is there any substance to the argument. R.C. 2919.22(A) is clear and understandable.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and MARTIN, JJ., concur.

MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.