The STATE of Ohio, Appellee,

v.

HOBBS, Appellant.

[Cite as *State v. Hobbs* (1996), 113 Ohio App.3d 396.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–01–016.

Decided Aug. 12, 1996.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Robert N. Piper III,* Assistant Prosecuting Attorney, for appellee.

*R. Dean Snyder,* for appellant.

KOEHLER, Judge.

On May 26, 1995, defendant-appellant, Darlene Hobbs, was arrested for trafficking in marijuana and endangering children in violation of R.C. 2925.03(A)(2) and 2919.22(A). On August 11, 1995, appellant was indicted by the Butler County Grand Jury. On August 24, 1995, appellant was arraigned and entered a plea of not guilty. On December 11, 1995, a jury trial was held at which appellant was found guilty as charged. On December 15, 1995, the trial

court sentenced appellant to a two-year term of imprisonment. Appellant now appeals, setting forth the following assignments of error[1]:

Assignment of Error No. 1:

"The appellant's conviction for trafficking marijuana was contrary to law since the state did not meet its burden of proof; and further, the verdict was against the manifest weight of the evidence."

Assignment of Error No. 2:

"The appellant's conviction for endangering children was contrary to law since the state did not meet its burden of proof; and further, the verdict was against the manifest weight of the evidence."

Assignment of Error No. 4:

"The trial court erred to the prejudice of the appellant in admitting into evidence hearsay statements of appellant's granddaughter through a police officer where no hearsay exception applied. And further that such error is not harmless and affects appellant's substantial rights."

In her first assignment of error, appellant contends that her conviction for trafficking in marijuana is against the manifest weight of the evidence. An appellate court's function when reviewing the sufficiency and weight of the evidence supporting a criminal conviction is to examine the evidence admitted at trial and determine whether the prosecution's evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at paragraph two of the syllabus. "The weight to be given evidence and the credibility of witnesses are primarily for the trier of fact." *State v. Loza* (1994), 71 Ohio St.3d 61, 69, 641 N.E.2d 1082, 1096; *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213–214.

Appellant was convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(2), which provides:

"(A) No person shall knowingly do any of the following:

" * * *

---

1. The brief filed by appellant sets forth four assignments of error; only three assignments, the first, second, and fourth, are argued in the brief. Consequently, the third assignment of error has been stricken. See *State v. Gatewood* (Dec. 29, 1995), Fayette App. No. CA95–04–011, unreported, 1995 WL 764058.

"(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another[.]"

At trial, Middletown Police Detective Ray Wyatt testified that on May 26, 1995 he accompanied Middletown Police Sergeant Gary Watson to appellant's residence to assist him in executing a search warrant. Wyatt testified that appellant and her twelve-year-old granddaughter, Lindsey Stone, were present in the residence when the search warrant was executed. Wyatt testified that while executing the warrant, the whereabouts of Stone became unknown. Wyatt testified that he discovered Stone outside the residence, walking away from a Chevrolet van which was parked in the driveway of appellant's residence. Wyatt testified that he asked Stone what she was doing and that Stone became "more or less hysterical" and that she "started screaming, crying, trembling, and blurted out 'it's in the van, my grandma had me put it in the van, grandma had me get it out of the bedroom and put it in the van.'" Wyatt searched the van and discovered a brown leather bag which contained approximately one pound of marijuana. The marijuana was packaged into seven bags, six of which weighed one ounce each.

In addition to seizing the marijuana, several lists were also seized which contained the names of people who owed appellant money. The lists also reflected a record of payments that had been made to appellant. Additionally, $3,071 and three books of food stamps were also seized during the search.

A review of the record indicates that the state presented substantial, competent, and credible evidence upon which a rational trier of fact could have found beyond a reasonable doubt that appellant was trafficking in marijuana. See *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d at 503. Accordingly, appellant's first assignment of error is overruled.

■ In her second assignment of error, appellant contends that her conviction for endangering children was against the manifest weight of the evidence.

R.C. 2919.22 defines child endangering and provides in part:

"(A) No person, with a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.

" * * *

"(E)(1) Whoever violates this section is guilty of endangering children.

"(2) If the offender violates division (A) of this section, endangering children is a misdemeanor of the first degree."

A review of the record indicates the state established that Stone was twelve years old and in appellant's custody at the time of the arrest. The record also indicates that appellant used Stone to conceal evidence from the police. In our view, subjecting a child to drug trafficking and instructing a child to remove contraband from a residence during a search of the residence by police undoubtedly creates a substantial risk to the child's health or safety. Appellant's failure to prevent Stone from suffering the mental anguish she endured during the search which caused her to become "more or less hysterical" is sufficient to support appellant's conviction for endangering children. See *State v. Elliott* (1995), 104 Ohio App.3d 812, 822, 663 N.E.2d 412, 418. Accordingly, appellant's conviction for endangering children is supported by substantial, competent, and credible evidence. Appellant's second assignment of error is overruled.

In her fourth assignment of error, appellant contends that the trial court erred in admitting hearsay evidence. Appellant argues that statements made by Stone during the search of appellant's residence should not have been admitted under the excited utterance exception to the rule against hearsay.

We find Stone's statements to Wyatt were admissible under Evid.R. 803(2), which provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

" * * *

"(2) *Excited utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

In order to be admissible under Evid.R. 803(2) as an excited utterance, a statement must relate to some occurrence startling enough to produce a nervous excitement in the declarant, and must be made before there has been time for such nervous excitement to lose a domination over the declarant's reflective faculties. *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058; *Potter v. Baker* (1955), 162 Ohio St. 488, 55 O.O. 389, 124 N.E.2d 140. A hearsay declaration which qualifies as an excited utterance is a product of reactive rather than reflective thinking and is considered more trustworthy than hearsay generally on the dual grounds that, first, the stimulus renders the declarant incapable of fabrication and, second, the impression of the declarant's memory at the time of the statement is still fresh and intense. See *State v. Taylor* (1993), 66 Ohio St.3d 295, 300, 612 N.E.2d 316, 320.

The record indicates that Wyatt testified that in response to him asking Stone what she was doing, Stone became "very hysterical and began blurting out" her response. The record also indicates Stone's statements were made while she was crying hysterically immediately after Wyatt's question and that Stone had little time for reflective thought. We find that there was sufficient evidence from which the trial court could have found that the statements fell within the excited utterance exception to the hearsay rule. Accordingly, appellant's fourth assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.