OPINION
Defendant-appellant, Melissa D. James, appeals her convictions in the Brown County Court of Common pleas for child endangering and involuntary manslaughter. Finding that appellant's convictions are supported by sufficient evidence, we affirm the decision of the trial court.
Appellant's convictions stem from a tragic accident that resulted in the death of her daughter. On August 14, 1998, at about 11:00 p.m., appellant was driving a van on State Route 774. Appellant's husband, Jack Cecil, and appellant's six-year-old daughter, Amanda Nicole Napier, were passengers in the van, along with Cecil's daughter, her boyfriend, and her two children. A radio was playing in the van. Cecil, who was sitting in the back of the van, asked appellant to turn up the volume. When she refused to do so, Cecil became angry and began arguing with her. The argument started one or two miles before Hamersvile. Cecil began cursing. According to appellant, she did not want to hear Cecil's cursing, and she did not want her daughter to be exposed to it.
Once appellant crossed State Route 125, she stopped the van. Appellant parked the van in her lane of traffic, leaving the engine running and the high-beam headlights activated. Appellant and her daughter exited the van and they walked across the road. Cecil exited the van and tried to persuade appellant to come back, but she ignored him.
Appellant then saw a light behind her. She stopped, turned around, and saw headlights. Appellant and her daughter were instantly struck by an oncoming car. Appellant lost consciousness and was seriously injured as a result of the accident. Her daughter was killed.
Appellant was indicted on one count of child endangering with a serious physical harm specification and one count of involuntary manslaughter. At the conclusion of a jury trial, appellant was convicted of both offenses. She was sentenced to a one-year prison term for the child endangering conviction and a three-year prison term for the involuntary manslaughter conviction. The trial court ordered the terms to be served concurrently. Appellant appeals, raising two assignments of error for our review.
Assignment of Error No. 1:
 THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR ENDANGERING CHILDREN.
In her first assignment of error, appellant argues there is insufficient evidence to support her conviction for child endangerment and therefore her conviction must be reversed. Appellant contends that the state did not prove that she recklessly violated a duty of care toward her daughter or created a substantial risk to the health or safety of her daughter on the night in question.
An appellate court's standard of review of a claim of insufficient evidence was set forth in State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Reviewing the evidence in a light most favorable to the prosecution, we must consider whether a rational trier of fact could have found that the elements of child endangerment were proven beyond a reasonable doubt.
Appellant was convicted of child endangering in violation of R.C.2919.22(A), which in pertinent part states: "No person, who is the parent * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." "Substantial risk" is defined by R.C. 2901.01(H) as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2919.22(A) requires proof of a culpable mental state of recklessness as an essential element of the crime of endangering children. State v. McGee (1997), 79 Ohio St.3d 193, 195. R.C. 2901.22(C) provides:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Parents and guardians have a legal duty to act to protect their children from harm. State v. Sammons (1979), 58 Ohio St.2d 460, 463. The crime of child endangering under R.C. 2919.22(A) may be committed by acts of omission: "an inexcusable failure to act in discharge of one's duty to protect a child where such failure to act results in a substantial risk to the child's health or safety is an offense under R.C. 2919.22(A)." State v. Kamel (1984), 12 Ohio St.3d 306, 309.
Appellant argues that R.C. 2919.22(A) should apply only to a parent's pattern of neglect or abuse and does not pertain to a single act by the parent that jeopardized her child's health and safety. However, appellate courts have already found sufficient evidence for child endangering pursuant to R.C. 2919.22(A) based upon isolated incidents in which parents recklessly put their children's health and safety at risk. See State v.Schaffer (1998), 127 Ohio App.3d 501 (affirming a child endangering conviction where defendant lost sight of her two-year-old child for five to ten minutes and defendant's home was near a pond and the intersection of two frequently traveled streets and child was found by a policeman as the child was about to step onto the street); State v. Wright (1986),31 Ohio App.3d 232 (finding child endangering where defendant left a seven-month-old child alone on the floor for ten minutes in a room where an iron was plugged-in and standing on the end of a dresser so that when the child scooted across the room and pulled on the cord, the iron fell on the child and burned him in eight places). Also, this court has previously found that a single rash decision can serve as the basis of a child endangering conviction under R.C. 2919.22(A). See State v. Hobbs
(1996), 113 Ohio App.3d 396 (sustaining a child endangering conviction where defendant used her twelve-year-old granddaughter to conceal marijuana from police during a search of her residence).
In the case sub judice, appellant's actions, beginning with her decision to park the van in a lane of traffic, created a dangerous environment for her daughter. At trial, there was testimony that it was a dark and foggy night. There was evidence that appellant left the van's high-beam headlights on when she parked the van on the two-lane highway. Testimony from Sergeant David Houghton, who investigated the scene, indicated that appellant's van was parked slightly over the centerline "at a bit of an angle." At the time of the accident, the driver's side door of appellant's van was open. Appellant testified that she closed the door when she left. A review of the testimony suggests that Cecil failed to close the door when he exited the van to pursue appellant in an effort to convince her to return.
Joseph Moore, the driver of the minivan that struck appellant and her daughter, testified at trial. He testified that he was traveling at about fifty miles per hour as he approached appellant's van. Testimony from Sergeant Houghton confirmed that there was no indication that Moore was speeding. Moore testified that he thought appellant's van was an oncoming car. According to Moore's testimony, he was completely surprised when he struck the open door of appellant's van. The driver's side window of Moore's minivan shattered and glass flew in his face. Moore heard "a thud" and stopped his minivan. Moore testified that once he struck the door of appellant's van, he "thought [he] saw some people," but this happened so quickly that he had no time to react. After the collision, Moore exited his vehicle and Cecil told him to call 911. Moore drove a short distance to a farmhouse to call for emergency services.
Carla Bolender, who was driving a few car lengths behind Moore at the time of the accident, also testified. She testified that there is a sharp curve in the road right before the place where the accident occurred. Bolender testified that she did not see Moore's taillights veer to the side of the road at any time. Sergeant Houghton also testified that during his investigation of the accident scene, he found no indication that Moore had left his proper lane of travel. Bolender testified that appellant's van had its high-beam headlights on and that she could not see past them. Bolender stopped her vehicle after observing the brake lights on Moore's vehicle.
Appellant testified that when she left the van, she had intended to walk back to Hamersville, which was one mile away. Appellant testified that they were walking with the traffic and that her right hand was holding her daughter's left hand. Appellant testified that she walked on the white edge line of the road and that her daughter was right beside her in the gravel or the grass and not the road.
The EMT (Emergency Medical Technician) who was in charge of the accident scene, Kevin Osborne, testified that appellant's daughter died before medical help arrived. Osborne observed that there were pieces of the child's hair and scalp on the passenger-side mirror of the minivan. He testified that the height of the child was about the same as the height of the side mirror and that, in his opinion, appellant's daughter had been "right on the roadway."
The Brown County coroner, who was called to the scene of the accident, testified that he had found some human tissue on the back of the passenger-side side mirror of Moore's minivan. From his observations at the accident site, the coroner concluded that appellant's daughter had been walking on the ground or had been very low to the ground at the time that she was hit by the oncoming vehicle.
Reviewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found that the elements of child endangering were proven beyond a reasonable doubt. Appellant abruptly stopped her vehicle on a two-lane highway on a dark and foggy night, parking the van in the lane of traffic and leaving the high-beam headlights activated. Appellant then removed her daughter from the van and they walked alongside the road with their backs to the traffic with the intention of traveling a mile to town. There is evidence that appellant's daughter was on the roadway at the moment that the accident occurred. Appellant's actions undoubtedly created a substantial risk to her child's health and safety, and, in this unfortunate case, led to the child's death. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR INVOLUNTARY MANSLAUGHTER.
In her second assignment of error, appellant insists that because there is insufficient evidence to support the child endangerment conviction, which is the underlying offense for the involuntary manslaughter conviction, the involuntary manslaughter conviction must be reversed. We disagree.
Appellant was convicted of involuntary manslaughter, a violation of R.C. 2903.04(A), which states: "No person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." Appellant was charged and properly convicted of felony-child endangering.[1] Viewing the evidence in the light most favorable to the prosecution, the state showed that appellant's acts were the proximate cause of Amanda's death. We find that appellant's involuntary manslaughter conviction is supported by sufficient evidence. The second assignment of error is overruled.
 ___________________________ VALEN, J.
POWELL, P.J., and YOUNG, J., concur.
[1] If a violation of R.C. 2919.22(A) results in serious cphysical harm to the child involved, the offense is a felony of the third degree. R.C. 2919.22(E)(2)(c).