OPINION
Appellant, Daniel Duffield, appeals from the judgment entered by the Portage County Court of Common Pleas. Duffield was convicted of one count of child endangering under R.C. 2919.22(A), a third degree felony. For this conviction, Duffield was sentenced to a two-year prison term.
At the end of 1999, Duffield was dating Sharon Hussein. Duffield lived in an apartment in Kent, Ohio with Ms. Hussein and her two children, Zachary, who was five years old, and Shane, who was seventeen months old.
One night a neighbor called the apartment to see if Ms. Hussein had any children's Benadryl. Duffield received the call, and he then found out from Ms. Hussein that they did not have any children's Benadryl. Duffield then suggested that an adult Benadryl tablet could be crushed, and the child could be given a portion of the medicine. The neighbor did not remove any of the adult Benadryl tablets from the apartment, because she found children's Benadryl from another source.
Duffield had already removed one adult Benadryl tablet from the bottle and had placed it on the counter to be crushed. However, when the tablet was not needed by the neighbor, Ms. Hussein disposed of the tablet in the garbage disposal. In addition to this tablet, Duffield claims he also removed a handful of the adult Benadryl tablets and placed them in a plastic bag, to be given to the neighbor.
Two days later, Ms. Hussein went to work at 10:15 a.m. She left the children in the care of Duffield. Ms. Hussein called and checked on everyone around 11:00 a.m., and everyone was alright. Around 1:30 p.m., Ms. Hussein's mother arrived at the residence and picked up Zachary. About 7:00 p.m., Ms. Hussein again called to check in, and Duffield reported that everything was still fine. Ms. Hussein remembered that she had to pick up Zachary on her way home from work. She called a third time to check on Duffield and Shane. During this call, Duffield informed her that Shane had fallen and hit his head on a table, but he seemed okay.
Ms. Hussein arrived home and found Shane and Duffield lying on the bed. Shane was bruised and crying. Ms. Hussein called 9-1-1, and the paramedics responded shortly after. Shane was transported to the hospital. The doctors found Shane's body heavily bruised. There was amylase in Shane's body, indicating an injury to his pancreas. Toxicology tests also showed an amount of diphenhydramine (an ingredient of Benadryl) in Shane's system equal to that of at least seven or eight adult Benadryl tablets. Although Duffield told the paramedics that he had given Shane some Dimetapp for his allergies, there was no evidence of Dimetapp in Shane's system.
Duffield was indicted by the Portage County Grand Jury on two counts of child endangering. One count was for the bruises on Shane's body and was a second degree felony. The second count involved the Benadryl ingestion and was a third degree felony. The jury acquitted Duffield on the first count, but convicted him on the second count.
Duffield raises five assignments of error on appeal. His first assignment of error is:
 "The trial court erred when it (1) failed to instruct the jury that `recklessness' was the required mens rea for all elements of the offense, and (2) instructed the jury that the necessary mens rea for the second count of endangering children was `reckless neglect.'"
Duffield's trial counsel did not object to these instructions. Therefore, this assignment will not be grounds for reversal unless there was plain error.[1] However, in light of Duffield's second assignment of error, infra, we will address this assignment on the ordinary standard, as if Duffield's trial counsel had made the appropriate objections.
Duffield first claims that the trial court erred by not properly instructing the jury on the requisite mental state for the offense he was convicted. The mens rea requirement for child endangering under R.C.2919.22(A) is recklessness.[2] The relevant statutory language states, "[n]o person * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."[3] The relevant portion of the trial court's instruction to the jury stated, "you must find beyond a reasonable doubt, * * * that the defendant reckless [sic] created a substantial risk to the health and safety of Shane Lavery and that the defendant violated a duty of care or protection that resulted in serious physical harm to the child." (Emphasis added.)
The difference Duffield claims he was prejudiced by was the trial court's use of "and" instead of "by." Duffield alleges that this mistake did not require the jury to find that he recklessly violated a duty of care or protection, only that he violated a duty of care or protection.
The Supreme Court of Ohio, in State v. Adams, has held that "[f]ailure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)."[4] InAdams, the trial court failed to give any instruction regarding recklessness, which was the culpable mental state for child endangering under R.C. 2919.22(B), the charge at issue in the case. The Adams Court still held, despite this failure, that the mistake was not plain error.[5]
In the case before us, the trial court did instruct the jury on recklessness. The court then gave the instruction for child endangering, quoted above, using the term "reckless" before the part of the instruction regarding the substantial risk, but not before the part of the instruction regarding duty. The Ohio Jury Instructions for child endangering under R.C. 2919.22(A) do not include the term "recklessness."[6]
The trial court should have been consistent in giving its instruction and used the term "recklessly" for both elements of the offense. However, any error committed by the court was harmless error. Many jury instructions are not perfect. While occasional errors such as this are not encouraged, they are not grounds for reversal.
In the second part of his first assignment of error, Duffield claims the court erred when it gave the jury two different culpable mental states on the second count. The jury requested an additional clarification to the jury instruction on the second count. The court responded to the jury's inquiry by informing the jury that "[c]ount number two is talking to basically where there is a reckless neglect." Again, McGee informs us that the mens rea requirement for child endangering under R.C. 2919.22(A) is recklessness. Duffield claims the statement "reckless neglect" confused the jury by giving them two different mens reas for the same act.
Duffield was charged with child endangering under both section (A) and (B) of R.C. 2919.22. The Supreme Court of Ohio, in State v. Kamel, has addressed the differences between these sections, stating:
 "Affirmative acts of torture, abuse, and excessive acts of corporal punishment or disciplinary measures are expressly covered under division (B) of the section. Division (A) is concerned with circumstances of neglect as is indicated by the Committee Comment to [R.C. 2919.22.] Manifestly, such neglect is characterized by acts of omission rather than acts of commission. * * * Accordingly, an inexcusable failure to act in discharge of one's duty to protect a child where such failure to act results in a substantial risk to substantial risk to the child's health or safety is an offense under R.C. 2919.22(A)."[7]
Before McGee, courts had construed the holding in Kamel, to establish negligence as the culpable mental state for R.C. 2919.22(A).[8]
However, courts have held that the Kamel Court's distinctions between sections (A) and (B) are still applicable in light of the holding inMcGee, establishing recklessness as the culpable mental state for R.C.2919.22(A).[9]
As it relates to R.C. 2919.22(A), "[t]he term `neglect' is equated with conduct and not mental state."[10] By giving this additional instruction to the jury, the trial court was attempting to differentiate R.C. 2919.22(A), which requires an act of omission or neglect, from R.C.2919.22(B), which requires an affirmative act. Since "neglect" can be used to describe the conduct, the court did not error when it advised the jury that the mens rea for the crime was "reckless neglect."
The trial court did not commit reversible error when it instructed the jury. At most, the trial court committed harmless error in giving its instructions to the jury. Duffield's first assignment of error is without merit.
Duffield's second assignment of error is:
 "The defendant was deprived of effective assistance of counsel when defense counsel failed to object to the trial court's instructions to the jury regarding the elements of count two of the indictment."
In State v. Bradley, the Supreme Court of Ohio has adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance."[11] Moreover, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on lack of sufficient prejudice, * * * that course should be followed."[12]
Having determined in our analysis of Duffield's first assignment of error that the trial court's jury instructions were, at most, harmless error, Duffield suffered no prejudice by the failure of his trial counsel to object to the jury instructions. Therefore, we need not address the question of whether trial counsel's performance fell below an objective standard of reasonable representation.
Appellant's second assignment of error is without merit.
Duffield's third assignment of error is:
 "The trial court erred when it overruled the defense's motion for acquittal pursuant to Criminal Rule 29, because the state failed to produce sufficient evidence for a conviction."
Duffield's trial counsel moved for acquittal after the state's case in chief. The trial court denied this motion. The defense then presented its case. Duffield's trial counsel did not renew the motion for acquittal at the close of the defendant's case. Once a defendant puts on a defense and then fails to renew the motion for acquittal, he has waived any error the court may have made in denying the motion for acquittal.[13] However, in light of Duffield's fourth assignment of error, we will address this assignment of error on its merits.
A court shall grant a motion for acquittal if the evidence presented is insufficient to sustain a conviction.[14] To determine if there is sufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[15]
For a conviction under R.C. 2919.22(A), the jury must find beyond a reasonable doubt that the defendant "(1) was the parent of a child under eighteen years of age; (2) violated a duty toward that child; (3) created a substantial risk to the safety of that child; and (4) acted with recklessness."[16]
Duffield was not Shane's parent, however, he was acting in locoparentis to Shane, because he was living with Shane's mother and was caring for Shane at the time of his injuries. There was sufficient evidence presented that Duffield violated a duty to Shane, in that he allowed, or forced, Shane to ingest at least seven or eight Benadryl tablets while in his care. This created a substantial risk to Shane, because he had seizures, needed medical attention, and was hospitalized for several days.
Finally there was sufficient evidence that Duffield acted recklessly. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. * * *."[17] There was evidence presented that Shane had ingested at least seven or eight adult Benadryl tablets. There was also evidence presented that young children would not voluntarily eat Benadryl because of its bad taste. This evidence, when viewed in a light most favorable to the state, indicates that Duffield force-fed the Benadryl to Shane. Force-feeding multiple adult strength Benadryl tablets to a seventeen-month-old child would most certainly be reckless conduct.
Further, even if the jury were to believe Duffield's version of the events, that he left a bag of Benadryl on the counter, and Shane voluntarily ingested them, a jury could have found that this was reckless conduct. A woman who left an infant alone in a room with a hot iron acted recklessly.[18] The situation in Wright is the same as Duffield's version of the facts in this case: a young child was left unattended with a dangerous item, and that item caused the child harm.
There was sufficient evidence for the court to deny Duffield's motion for acquittal. Duffield's third assignment of error is without merit.
Duffield's fourth assignment of error is:
 "The defendant was deprived of effective assistance of counsel when defense counsel failed to renew the motion for acquittal at the close of evidence."
Since we determined that the trial court did not error in denying Duffield's motion for acquittal, any error committed by Duffield's trial counsel in failing to renew his motion for acquittal after the close of the defendant's case, was non-prejudicial to Duffield under theStrickland analysis, supra.
Duffield's fourth assignment of error is without merit.
Duffield's final assignment of error is:
 "The trial court erred when it entered a judgment of guilty because such a finding was against the manifest weight of the evidence."
In determining whether a verdict is against the manifest weight of the evidence, the Ohio Supreme Court has adopted the following language as a guide:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[19]
The state produced sufficient evidence for a jury to convict Duffield of child endangering under R.C. 2919.22(A).[20] Duffield presented no alibi to this crime, in fact, he admitted that he was watching Shane on the day he was injured.
All of the evidence, including that set forth above, was presented to the jury. The jury weighed this evidence and concluded that Duffield was guilty of child endangering. We cannot say the jury lost its way by making this determination. This is not an exceptional case in which the evidence weighed heavily against a conviction.
Duffield's final assignment of error is with out merit.
Based on the reasons set forth in this opinion, the judgment of the trial court is affirmed.
NADER, J., GRENDELL, J., concur.
[1] State v. Coley (2001), 93 Ohio St.3d 253, 270.
[2] State v. McGee (1997), 79 Ohio St.3d 193, syllabus.
[3] (Emphasis added.) R.C. 2919.22(A).
[4] State v. Adams (1980), 62 Ohio St.2d 151, paragraph two of the syllabus.
[5] Id. at 155.
[6] 4 Ohio Jury Instructions (2000), Section 519.22(1)(A), at 462.
[7] (Internal citations and footnotes omitted.) State v. Kamel (1984),12 Ohio St.3d 306, 308-309.
[8] State v. Deringer (Nov. 8, 1985), Hardin App. No. 6-84-6, unreported, 1985 Ohio App. LEXIS 9257, at *15.
[9] State v. Taylor (Nov. 2 1998), Warren App. Nos. CA97-10-110 CA 97-10-111, unreported, 1998 Ohio App. LEXIS 5178, at *6.
[10] Deringer, at *15.
[11] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. (Adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668.)
[12] Id. at 143, citing Strickland, at 697.
[13] Dayton v. Rodgers (1979), 60 Ohio St.2d 162, 163. (Overruled on other grounds.)
[14] Crim.R. 29(A).
[15] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[16] State v. Allen (2000), 140 Ohio App.3d 322, 323, citing State v.Caton (2000), 137 Ohio App.3d 742, 749.
[17] R.C. 2901.22(C).
[18] See State v. Wright (1986), 31 Ohio App.3d 232.
[19] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387.
[20] See our analysis of Duffield's third assignment of error,supra.