OPINION
{¶ 1} In these consolidated cases, defendants-appellants, Richard Marzetti and Lisa Jandura (collectively referred to as "appellants"), appeal from judgments of conviction and sentence entered by the Franklin County Municipal Court. For the following reasons, we affirm those judgments.
 {¶ 2} On November 30, 2002, Mr. Marzetti had a few friends over to watch football at his house. Appellants live in Powell, Ohio, with their three children: Giovanni, then age 11, Messina, then age 9, and Mercedes, then age 6. After Mr. Marzetti's friends left, the house was a mess. Appellants decided to leave and get food for the family. Ms. Jandura drove herself and Mr. Marzetti to a nearby pizza restaurant. They left their three children alone in the house.
 {¶ 3} Ten to 20 minutes later, Ms. Jandura was on her way home driving south on Sawmill Parkway. However, the intersection of Sawmill Parkway and Bradford Court was closed due to a multi-car accident. Three police cars and two fire trucks, all with their lights flashing, were in the intersection. Emergency personnel were diverting traffic around the intersection. Nonetheless, Ms. Jandura drove up to the intersection and drove her car through the emergency personnel, up onto the side of the road, around the wrecked vehicles and then continued to drive south on Sawmill Parkway. Seeing this, Ohio State Trooper James Tracy got into his car and followed Ms. Jandura to appellants' house. When they arrived at the house, Trooper Tracy got out of his car and asked Ms. Jandura for her driver's license and registration. Ms. Jandura began yelling and cursing at him. The trooper thought Ms. Jandura was acting odd and disoriented and described her eyes as bloodshot and glassy. He also detected the odor of alcohol on her. As Ms. Jandura walked to the front door of the house, Trooper Tracy grabbed her from behind, placed her under arrest for driving while under the influence and put her into his cruiser.
 {¶ 4} After Trooper Tracy took Ms. Jandura away, Mr. Marzetti called 911 to complain that the trooper used excessive force against Ms. Jandura. Mr. Marzetti also began making phone calls to locate Ms. Jandura. Mr. Marzetti's brother, Tey, arrived at appellants' house. Mr. Marzetti asked his brother to take him to a nearby sports bar to use the bar's telephone because the battery in his cell phone was dead. Tey drove him to the bar, again leaving appellants' three children alone in the house.
 {¶ 5} Tey returned to appellants' house a few minutes later and saw three Dublin police cars in the driveway. While the police officers talked to Tey outside of the house, they noticed that interior lights that were on when they arrived were now off. The officers, thinking there were people inside, opened the front door and walked into the house. The officers found appellants' three children in the living room. They also observed that the house was in disarray. Partially eaten food was left on the counter, beer bottles were laying everywhere, clothes and paper were scattered throughout the house, and dog feces and urine were on the floor. In the kitchen, the officers discovered that the oven was on. Because the hinges on the oven door were broken, the officers could see an exposed red hot heating element. The officers assumed the oven was being used to heat the house. The officers called Franklin County Children Services and removed the children from the house.
 {¶ 6} Based upon these facts, appellants were both charged with three counts of child endangering in violation of R.C. 2919.22(A). Appellants entered not guilty pleas and proceeded to a jury trial. The jury found both appellants guilty of three counts of child endangering and the trial court sentenced them accordingly.
 {¶ 7} Appellants appeal, assigning the following error:
The Trial Court erred to the prejudice of Respondents-Appellants in finding them guilty of child endangerment against the manifest weight of the evidence.
 {¶ 8} When presented with a manifest weight argument in a criminal case, an appellate court must engage in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. When reviewing the manifest weight of the evidence, an appellate court sits as a thirteenth juror; the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether, in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id; State v. Martin (Apr. 19, 2001), Franklin App. No. 00AP-836. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.; State v. Maydillard, (Nov. 1, 1999), Warren App. No. CA99-06-060.
 {¶ 9} Appellants were convicted of child endangering in violation of R.C. 2919.22(A), which states in pertinent part: "No person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The culpable mental state for the crime of endangering children under R.C. 2919.22(A) is recklessness.State v. McGee (1997), 79 Ohio St.3d 193, 195.
A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(C).
 {¶ 10} Appellants first contend the evidence does not prove that they created a substantial risk to the health and safety of the children. Rather than making a manifest weight argument, this portion of appellants' assignment of error addresses the sufficiency of the evidence supporting this element of their convictions. In determining whether a judgment is supported by sufficient evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Martin, supra;State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484.
 {¶ 11} The term "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C.2901.01(A)(8). Appellants contend the oven's exposed red hot heating element was not a substantial risk to the health or safety of the children because: (1) the children were taught to stay away from the oven; (2) they were not found near the oven; and (3) their oldest child, Giovanni, was mature enough to watch the other children so that they would not go near the oven. We disagree. Appellants focus on the risk that their children could touch the oven's red hot heating element. Appellants fail to consider the risk that a combustible item could come into contact with the exposed heating element and start a fire. Gregory Jones, the Code Enforcement Supervisor for the City of Dublin, testified that combustible items were on top of the oven and that there was a real possibility that these items could fall in the oven, with its heating element exposed, and start a fire.
 {¶ 12} Mr. Marzetti and two of his children testified that appellants used the oven to heat the kitchen. Giovanni, appellants' oldest child, testified that he thought his parents used the oven to heat the kitchen on the night in question. All of the officers inside appellants' house testified that the oven door was completely open exposing the red hot heating element. The hinges on the oven door were broken. Further, Mr. Jones's unrebutted testimony indicated there was a real possibility of fire due to the oven's condition. After viewing all of this evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the exposed, red hot heating element was a substantial risk to the health and safety of the children. Therefore, appellants' convictions were supported by sufficient evidence.
 {¶ 13} Similarly, we cannot say that the jury's finding was against the manifest weight of the evidence. Giovanni testified that he thought his parents turned the oven on that night. Appellants' testimony did not contradict their son's testimony. Although Mr. Marzetti and his relatives testified that the oven door was only slightly open that night, the police officers all testified that when they entered the house, the oven was on and the oven door was broken off, exposing the red hot heating element. The jury obviously found the officers' version of the events that night more credible. We give great deference to the fact-finder's determination of the witnesses' credibility and find no reason to second guess that determination. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, ¶ 28. Further, Mr. Jones testified that the oven's condition created a real risk of fire. The fact that the children might have been able to escape a fire is not persuasive because actual harm is not required to establish child endangering, only the circumstances which create the substantial risk of harm. See City ofMason v. Rasmussen (Mar. 26, 2001), Warren App. No. CA2000-08-077. Given this evidence, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice by finding that the use of the oven in this manner posed a substantial risk to the health or safety of the children.
 {¶ 14} Appellants also contend that the jury's finding that appellants acted recklessly was against the manifest weight of the evidence. The evidence does not support appellants' argument. These facts are not in dispute: both appellants intentionally left their three young children alone for ten to twenty minutes when they went to get pizza, and Mr. Marzetti left the kids alone again when his brother took him to the sports bar. Appellants left the oven on exposing a red hot heating element because the hinges on the oven door were broken. There were combustible materials in the immediate vicinity of the oven. Simply leaving children of this age at home alone may not be sufficient to constitute child endangering. See, e.g., State v. Allen (2000), 140 Ohio App.3d 322, 325. However, in the present case, appellants chose to leave their three children home alone under conditions where there was a substantial risk of fire. The jury did not clearly lose its way by concluding that it was reckless to leave the children alone under these circumstances. Cf. Statev. Wright (1986), 31 Ohio App.3d 232, 233-234 (finding child endangering conviction not against manifest weight of evidence where parent left baby alone in a bedroom for ten minutes with a hot iron standing on its edge). A reasonable jury could conclude that appellants perversely disregarded, with heedless indifference to the consequences, the real possibility that the exposed red hot heating element in the oven could start a fire. We recognize that appellants' children were not infants as was the child in Wright. However, the ages of appellant's children are irrelevant to the risk of fire created by the oven's condition.
 {¶ 15} Because appellants' child endangering convictions were supported by sufficient evidence and were not against the manifest weight of the evidence, appellants' lone assignment of error is overruled, and the judgments of the Franklin County Municipal Court are affirmed.
Judgments affirmed.
Petree and Wright, JJ., concur.
Wright, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.