The STATE of Ohio, Appellee,

v.

SCHAFFER, Appellant.

[Cite as *State v. Schaffer* (1998), 127 Ohio App.3d 501.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 97–T–0165.

Decided May 4, 1998.

*Stanley A. Elkins,* Warren City Prosecutor, for appellee.

*Burkey & Burkey* and *Elise M. Burkey,* for appellant.

FORD, Presiding Judge.

This is an accelerated appeal from Warren Municipal Court. Appellant, Stephanie Schaffer, appeals from her conviction for child endangering, R.C. 2919.22(A).

At approximately 7:30 p.m. on May 15, 1997, Detective Gary M. Fonce ("Fonce") of the Warren Police Department was on routine patrol, driving a marked cruiser south on Parkman Road. At the northwest corner of the intersection of Parkman Road and Swallow Street, Fonce observed a toddler who was about to step from the curb onto the two-lane street. Fonce stopped his cruiser and picked up the child, who was later identified as Dustin Schaffer ("Dustin"), appellant's two-year-old son.

Dustin did not identify himself, so Fonce eventually spoke to two young girls who informed him that the boy lived on Swallow Street. Fonce proceeded to the house identified by the girls, which was approximately one hundred yards from the point at which he found Dustin. Fonce testified that he arrived at appellant's home approximately five minutes after he had located Dustin. Fonce noticed that several children and adults were at the residence. Fonce testified that appellant answered the door and "said she didn't know the child was outside and * * * a six year old girl came down and [appellant] started yelling at the little girl for not watching the boy upstairs[.]"

Appellant testified at trial that at approximately 6:00 p.m. on the evening of the incident, her mother was seated in appellant's living room, and an adult friend of appellant and appellant's father were in the kitchen. After returning from the bathroom, appellant noticed that Dustin was not there, so she walked halfway upstairs toward the bedrooms and called for Dustin, who responded, "I'm playing[.]" Appellant then returned to the kitchen to converse with her father. Approximately five minutes later, Fonce appeared at the house carrying Dustin. Appellant testified that seven to ten minutes elapsed between the time that she had last seen Dustin and when Fonce arrived at her home.

On May 16, 1997, a complaint was filed against appellant, charging her with endangering children, R.C. 2919.22. The matter proceeded to a bench trial on August 19, 1997. At the conclusion of the state's case, appellant moved for an acquittal, which motion was overruled by the trial court. The trial court found appellant guilty of endangering children, R.C. 2919.22, a misdemeanor of the first degree, and fined appellant $20, plus costs. Appellant timely appealed, and asserts the following assignment of error:

"The trial court erred in denying [appellant's] motion for directed verdict and in finding her guilty of child endangering."

■ Appellant's sole contention is that the trial court erred in overruling her motion for judgment of acquittal. Therefore, our review is limited to whether appellee presented sufficient evidence to support appellant's conviction. The test for sufficiency is whether, when viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a factfinder could reasonably conclude that the state has proven all elements of the offense beyond a reasonable doubt. *State v. Schlee* (Dec. 23, 1994), Lake App. No. 93–L–082, unreported, at 11, 1994 WL 738452.

■ In the instant matter, the state was required to prove beyond a reasonable doubt that appellant violated R.C. 2919.22, which states, "No person, who is the parent * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The Supreme Court of Ohio has held that "[t]he existence of the culpable mental state of recklessness is an essential element of the crime of endangering children [under R.C. 2919.22(A)]." *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144, paragraph one of the syllabus. R.C. 2901.22(C) states:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

"Perverse" has been defined as "turned away from what is right and good[.]" Webster's Third New International Dictionary (1986) 1688.

■ In the case at bar, the evidence clearly demonstrates that appellant is Dustin's mother and that Dustin was under eighteen years of age. Thus, the primary issue is whether the prosecution presented sufficient evidence to show that appellant recklessly created a substantial risk to Dustin's health in failing to properly supervise him. The record demonstrates that appellant lost sight of her two-year-old child for at least five minutes, and possibly as long as ten minutes. Considering the proximity of appellant's home to a pond and the intersection of two frequently traveled streets, the absence of Dustin for a significant length of time could have resulted in tragedy.

In our view, such circumstances manifest that appellant, in a manner that is not right or good, disregarded the risk that her son could have left the home and walked into the street. Therefore, appellant recklessly created a substantial risk to her son's health by violating her duty of care and/or protection to the child. Accordingly, appellant's conviction was supported by sufficient evidence. Appellant's assignment of error is not well taken.

For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the Warren Municipal Court is affirmed.

*Judgment affirmed.*

MAHONEY, J., concurs.

CHRISTLEY, J., dissents.

JOSEPH E. MAHONEY, J., retired, of the Eleventh Appellate District, sitting by assignment.

CHRISTLEY, Judge.

I respectfully dissent from the opinion of the majority.

Without meaning to condone the behavior of the mother in this instance, it is my considered opinion that her acts constituted negligence and nothing more. If the facts in the record before us amounted to child endangering, then all parents, including myself, have been guilty of this criminal offense at one time or another.

Essentially, the state's evidence in this matter demonstrated that appellant thought the two-year-old child was upstairs in the house, either playing with or under the supervision of a six-year-old child. I fail to see the *reckless conduct* or the *perverse disregard* for the safety of the two-year-old boy simply because he was apparently able to slip away. There was no evidence indicating that appellant knew of this tendency or that appellant failed to take ordinary precautions in order to prevent the child's escape from happening. In fact, the evidence showed that the house was surrounded by a gated, fenced yard.

I would also like to emphasize that the police officer did the right thing in rescuing the child and in scolding appellant and her family for their inattention. The media is full of tragedies which occur because of a moment's thoughtlessness or inattention by a parent. However, not all such incidents constitute a crime.

In this case, there is absolutely no evidence which demonstrated more than a negligent state of mind on the part of appellant. It may well be that there are facts in this case which are not present in the record, but the conviction had to be based upon evidence which was actually introduced at trial.

For this reason, I respectfully dissent, and I would reverse and enter judgment in favor of appellant.