[Cite as *State v. Wolf*, 2014-Ohio-2698.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3152** |
| DUSTIN A. WOLF, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2013 TR D 02615.

Judgment: Affirmed.

*Dennis M. Coyne*, City of Chardon Prosecutor, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Katherine S. Riedel*, Law Offices of Katherine S. Riedel Co., L.P.A., Jefferson Commercial Park, 1484 State Route 46 North, No. 5, Jefferson, OH 44047 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Dustin A. Wolf, appeals the judgment of the Chardon Municipal Court finding him guilty of violating R.C. 4511.31, Hazardous Zones, a minor misdemeanor. Based on the following, we affirm.

{¶2} On May 15, 2013, appellant was involved in an automobile accident on State Route 87 in Middlefield Township, Geauga County, Ohio. Prior to the accident, appellant was driving eastbound on State Route 87. Ms. April Lynch, who was driving

in front of appellant, was also traveling eastbound on State Route 87. Ms. Lynch significantly slowed her vehicle in an attempt to turn left into a driveway. Appellant attempted to pass Ms. Lynch on the left by driving into the westbound lane of the road in a no-passing zone signified by a double, yellow line painted in the center of the roadway.

{¶3} In his attempt to pass, appellant struck Ms. Lynch's vehicle as she was making the left-hand turn. Appellant was cited for a violation of R.C. 4511.31. Appellant pled not guilty, and the matter proceeded to a bench trial.

{¶4} At trial, Ms. Lynch testified that as she began to turn left into a driveway, her car was struck by appellant's vehicle. Ms. Lynch indicated that her vehicle was struck on the driver's side near her front tire.

{¶5} Appellant testified that he was traveling behind Ms. Lynch. Appellant stated that Ms. Lynch "slowed down at a pretty fast pace." Appellant testified that he did not know "what she was doing" so he decided to go around her vehicle; Ms. Lynch then turned "into [him] and struck [his] right tire and right side of the vehicle." In response to the court asking appellant whether it was his "point to go left of center to avoid striking the rear of her vehicle," appellant replied, "yes."

{¶6} Helen Spicer, a witness, also testified. Ms. Spicer stated that she observed Ms. Lynch's vehicle travel slowly and then stop. Ms. Spicer then saw appellant's vehicle cross the double, yellow line and attempt to pass Ms. Lynch's vehicle.

{¶7} Trooper Timothy Kay of the Ohio State Highway Patrol testified that based upon the physical evidence in the roadway, most notably the tire marks that lead up to

2

appellant's vehicle, along with statements from appellant, Ms. Lynch, and Ms. Spicer, he issued a citation to appellant. Trooper Kay noted that the accident occurred in front of a driveway. Trooper Kay also stated that the speed limit of this area was 50 miles per hour.

{¶8} Upon the state resting and defense counsel calling no witness, the court stated the following:

> It's the ruling of this Court based upon the testimony that both cars were traveling at 45 miles per hour, as testified to, which is within the speed limit there.
>
> Further testimony of Mr. Wolf that said he stopped abruptly as Miss Lynch slowed abruptly, however, I also believe him that he had to avoid hitting the rear of Miss Lynch's car and went to the left to go around her at her slow rate of speed at that point. Therefore, I don't believe that he meets the exceptions of the one, two and three such that he is guilty of violating 4511.31, hazardous passing.

{¶9} The trial court imposed a fine of $25 plus costs. The trial court stayed appellant's sentence, in part, pending the disposition of this appeal. Appellant filed a timely notice of appeal and asserts the following assigned error for our review:

{¶10} "The trial court erred in its determination that defendant-appellant was guilty of violating O.R.C. 4511.31."

{¶11} On appeal, appellant maintains the trial court's finding of guilt is against both the sufficiency and manifest weight of the evidence.

{¶12} We first address appellant's sufficiency argument. Appellant maintains that although it is undisputed that he crossed the double, yellow line, he did not violate R.C. 4511.31 because, in crossing the double, yellow line, he complied with the provisions outlined in (B)(1)-(3) of R.C. 4511.31.

3

{¶13} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the jury's verdict as a matter of law. *Kent v. Kinsey*, 11th Dist. Portage No. 2003-P-0056, 2004-Ohio-4699, ¶11, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. *State v. Schaffer*, 127 Ohio App.3d 501, 503 (11th Dist.1998), citing *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

{¶14} Appellant was found guilty of a violation of R.C. 4511.31, which states:

(A) The department of transportation may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous and may, by appropriate signs or markings on the highway, indicate the beginning and end of such zones. When such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions of the signs or markings, notwithstanding the distances set out in section 4511.30 of the Revised Code.

(B) Division (A) of this section does not apply when all of the following apply:

(1) The slower vehicle is proceeding at less than half the speed of the speed limit applicable to that location.

(2) The faster vehicle is capable of overtaking and passing the slower vehicle without exceeding the speed limit.

(3) There is sufficient clear sight distance to the left of the center or center line of the roadway to meet the overtaking and passing provisions of section 4511.29 of the Revised Code, considering the speed of the slower vehicle.

{¶15} R.C. 4511.29, driving to left of center line, states:

4

(A) No vehicle or trackless trolley shall be driven to the left of the center of the roadway in overtaking and passing traffic proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made, without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken. In every event the overtaking vehicle or trackless trolley must return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for traffic approaching from the opposite direction, before coming within two hundred feet of any approaching vehicle.

{¶16} The parties stipulated that appellant crossed the double, yellow line. However, appellant maintained both below and on appeal that the provisions of R.C. 4511.31(B)(1)-(3) are applicable, and thus, he is not guilty of violating R.C. 4511.31. Appellant claims the testimony revealed that Ms. Lynch was traveling less than half the speed limit—five miles per hour; that appellant was able to pass Ms. Lynch's vehicle without exceeding the speed limit—he was initially traveling 45 miles per hour but slowed significantly when attempting to pass Ms. Lynch's vehicle; and that there was no on-coming traffic in the westbound lane of State Route 87 at the time he attempted to pass Ms. Lynch's vehicle.

{¶17} R.C. 4511.31(B)(3) expressly provides that a vehicle, when traveling to the left of the center or center line, must meet the overtaking and passing provision of R.C. 4511.29. R.C. 4511.29 states that a vehicle must not interfere with "any traffic overtaken." Therefore, a violation of R.C. 4511.31 occurs if the vehicle driven left of center of the roadway interferes with the safe operation of the traffic being overtaken.

{¶18} The evidence produced at trial reveals that appellant was traveling behind Ms. Lynch's vehicle. Ms. Lynch's vehicle came to a stop and then slowly proceeded in order to turn left into a driveway, which was depicted on the traffic crash report. The

5

testimony of appellant indicates that he was traveling approximately 45 miles per hour; however, when Ms. Lynch's vehicle stopped to turn left, he traveled left of center because he "didn't want to take the chance of striking her vehicle." In traveling left of center, appellant caused a collision with Ms. Lynch's vehicle. The trial court found that part of the reason appellant passed Ms. Lynch was because he was traveling at a rate of speed that did not allow him to overtake Ms. Lynch's vehicle safely. Because the exceptions contained in R.C. 4511.31(B)(1)-(3) include the obligations contained in R.C. 4511.29, the exceptions do not exonerate appellant. Therefore, there was sufficient evidence for the trial court to find appellant guilty of violating R.C. 4511.31 beyond a reasonable doubt.

{¶19} Under this assignment of error, appellant also maintains that the trial court's finding of guilt is against the manifest weight of the evidence.

{¶20} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Further, a conviction resulting from a trial by jury shall not be reversed on the weight of the evidence except by the concurrence of all three judges hearing the appeal. *Thompkins* at 386.

6

{¶21} Appellant does not challenge the trial court's determination of the credibility of the witnesses' testimony. Appellant argues, however, that the trial court failed to weigh the relevant evidence in its determination that appellant failed to meet the elements of R.C. 4511.31(B)(1)-(3). Specifically, appellant maintains that while his actions may have "constituted a violation of the assured clear distance statute, his stated purpose for deciding to pass Ms. Lynch's car does not 'bar' him from satisfying the elements of R.C. 4511.31(B)." Appellant reiterates the aforementioned testimony which allegedly satisfied the exceptions in R.C. 4511.31(B)(1)-(3).

{¶22} As we previously discussed, the trial court found that appellant traveled across the double, yellow line, at least in part to avoid striking Ms. Lynch's vehicle as she attempted to turn left into a driveway. Appellant, in crossing the center line, interfered with the safe operation of the traffic being overtaken, contrary to the requirements of R.C. 4511.29. Further, in rendering its decision, the trial court indicated it had reviewed the exceptions outlined in R.C. 4511.31(B)(1)-(3), which includes an obligation to comply with R.C. 4511.29. Nothing in the record indicates the trial court lost its way in finding appellant guilty of violating R.C. 4511.31.

{¶23} Based on the opinion of this court, the judgment of the Chardon Municipal Court is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.